# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. BROWN, ET AL., | |
| Plaintiffs, | CIVIL ACTION NO. 3:05-CV-1791 |
| v. | (JUDGE CAPUTO) |
| GREAT NORTHERN INSURANCE COMPANY, | |
| Defendant. | |

## **MEMORANDUM**

Before me is Plaintiffs' Motion for Remand or in the Alternative to Confirm Appointment of Neutral Arbitrator, (Doc. 3). The Defendant removed the case from the Court of Common Pleas of Luzerne County on September 2, 2005. Prior to removal, Plaintiff, on August 15, 2005, filed a Petition to Compel Arbitration and to Appoint a Neutral Umpire along with a Rule to Show Cause why Chester Dudick, Esquire should not be appointed as Neutral Arbitrator. Before an answer was due of Luzerne County Court Rule and before argument ordered by the Luzerne County Court, the case was removed to this court.

This case presents the more often occurring removal of the process of naming neutral arbitrators under an insurance policy apparently because the insurance companies do not like the neutral arbitrators being named by the state courts. That said, and said simply as an observation, because I find that this court is "a Judge of a court having jurisdiction" within the meaning of the policy of insurance, the motion for remand will be denied.

## **DISCUSSION**

The parties have apparently each selected an arbitrator to arbitrate the claim in dispute. They could not agree on a neutral arbitrator and hence the initiation of the proceeding in Luzerne County for this purpose and hence this removal.

The operative policy language or arbitration clause provides in pertinent part as follows:

> If [the parties] cannot agree on a third arbitrator within 30 days, either may request that selection be made **by a judge of a court having jurisdiction**. Each party will pay the expenses it incurs and bear the expenses of third arbitrator.
>
> Unless both parties agree otherwise, arbitration **will take place in the county and state in which the covered person lives. Local rules of law as to procedure and evidence will apply.**

(Emphasis added).

The issue is whether the foregoing language means that a federal district judge has jurisdiction of this matter. It is clear there is diversity of citizenship and the amount in controversy exceeds $75,000.00, thereby satisfying the requirements of 28 U.S.C. § 1332. The issue is whether this court is a judge of a court having jurisdiction has been decided a number of times. In *Redding v. State Auto. Mut. Ins. Co.*, No. 91-1106, 1991 U.S. Dist. LEXIS 8856 (E.D. Pa. June 26, 1991) and *LIU v. Motorist Mut. Ins. Co.*, No. 93-1541, 1993 U.S. Dist. LEXIS, 7757 (E.D. Pa. June 3, 1993), the court held that a federal district judge could appoint the third arbitrator. In each of those cases, the parties agreed in the policy that when they could not agree on the appointment of a third arbitrator, the

2

selections could be made by a "Judge of a Court having jurisdiction." *Redding,* 1991 U.S. Dist. LEXIS at *1 and *LIU*, 1993 U.S. Dist. LEXIS at *1.  Here, the policy language is the same.  It is clear this court is a judge of a court having jurisdiction.

Plaintiff also argues that the language of the policy constitutes an agreement that the forum for the selection of a neutral arbitrator has been agreed upon and it is the Luzerne County Court of Common Pleas.  Plaintiff argues that the policy language "arbitration will take place in the county and state in which the covered person lives. Local rules of law as to procedure and evidence will apply" is an agreement to proceed in the Court of Common Pleas of Luzerne County.  The Plaintiff also offers *Foster v. Chesapeake Insurance Company*, 933 F.2d 1207 (3rd Cir. 1997) as authority for his position.

*Foster v. Chesapeake* involved an arbitration clause upon a defined dispute required *Chesapeake* "at the request of the company will submit to the jurisdiction of any court of competent jurisdiction . . . and will comply with all requirements to give such court jurisdiction and . . . all matters arising hereunder shall be determined in accordance with the law and practice of such court."  The Court determined this was a forum selection clause requiring *Chesapeake* to submit to the jurisdiction of the court selected by the company.  *Id.* at 1219.

The clause at hand does not require a specific forum.  Indeed it says <u>either</u> <u>party</u> may petition a court having jurisdiction.  The fact that the "arbitration will take place in a county and state in which the covered person lives" does not signify forum selection for the determination of the neutral arbitrator, but only where the arbitration is to take place.

3

Moreover, the clause that "Local rules of law as to procedure and evidence will apply" again signifies what shall govern the proceeding before the arbitrators. Therefore, I conclude that *Foster v. Chesapeake* does not govern this case.

As for Plaintiff's contention that even if I have jurisdiction, I am required to make this order appointing Mr. Dudick as neutral arbitrator by the Luzerne County Court absolute or final, 28 U.S.C. § 1446(d) mandates the stay of all proceedings in the state court. Plaintiff would argue that I must follow the state procedural rules which would yield this result. Even if 1446(d) did not apply, the policy does not require the court having jurisdiction to select the neutral arbitrator to apply local rules and law; it requires the arbitrator to apply them in the arbitration proceeding.

An appropriate order follows.

## **CONCLUSION**

For the foregoing reasons, this Court has jurisdiction as it is the Judge of a court having jurisdiction within the meaning of the policy. I also conclude the policy does not contain a clause requiring this forum for selection of the neutral arbitrators as the Court of Common Pleas of Luzerne County. The motion for remand will therefore be denied.

| | |
|---|---|
| March 2, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES BROWN, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT NORTHERN INSURANCE COMPANY,<br><br>Defendants. | NO. 3:05-CV-1791<br><br><br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 2nd day of March, 2006, **IT IS HEREBY ORDERED** the Motion for Remand is denied. Either or both parties may submit a request for the selection of third or neutral arbitrator within twenty (20) days of the date of this Order.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge